# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SCORPCAST, LLC dba HAULSTARS, <br><br> Plaintiff, <br><br> v. <br><br> MG FREESITES, LTD, <br><br> Defendant. | Case No.: 6:20-CV-00877-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT MG FREESITES LTD'S MOTION TO STAY PENDING DECISION ON ITS MOTION TO TRANSFER VENUE TO THE DISTRICT OF DELAWARE**

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 1

III. LEGAL STANDARD ...................................................................................................... 2

IV. THE COURT SHOULD STAY ALL PROCEEDINGS PENDING RESOLUTION OF FREESITES'S MOTION TO TRANSFER ..................................................................... 4

    A. A Stay Will Not Prejudice or Disadvantage Scorpcast Because Scorpcast Does Not Allege It Practices the Asserted Patents or Otherwise Competes with Freesites ... 4

    B. A Stay Will Simplify the Issues ............................................................................ 5

V. CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470-RP, 2021 U.S. Dist. LEXIS 6325 (W.D. Tex. Jan. 13, 2021) .................................................................................................. 2

*Black Hills Media, LLC v. Samsung Elecs. Co.*, No. 2:13-cv-379-JRG-RSP, 2014 U.S. Dist. LEXIS 201106 (E.D. Tex. Mar. 17, 2014) ................................................................................ 4

*Click-to-Call Techs. LP v. Ingenio, Inc.*, No. A-12-CA-465-SS, 2013 WL 11311782 (W.D. Tex. Dec. 5, 2013) .................................................................................................................. 8

*Click-to-Call Techs. LP v. Oracle Corp.*, No. A-12-CV-468-SS, 2013 WL 12121528 (W.D. Tex. Nov. 26, 2013) ............................................................................................................. 4, 8

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ................................................................................................... 4, 5

*Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762 (E.D. Pa. Mar. 24, 2014) ........ 8

*Emtel, Inc. v. Lipidlabs, Inc.*, No. H-07-7898, 2013 WL 1707678 (S.D. Tex. Apr. 19, 2013) ...... 8

*e-Watch, Inc. v. ACTi Corp., Inc.*, No. SA-12-CA-695-FB, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) ................................................................................................................................ 4

*Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983) .................................................... 2

*In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020) ..................................................................... 3, 6

*In re EMC Corp.*, 501 F. App'x 973 (Fed. Cir. 2013) .................................................................. 3

*In re EMC*, 501 F. App'x 973 (Fed. Cir. 2013) ............................................................................ 5

*In re Fusion-IO*, 489 F. App'x 465 (Fed. Cir. 2012) ................................................................... 7

*In re Google Inc.*, No. 2015-138, 2015 U.S. App. LEXIS 16544 (Fed. Cir. July 16, 2015) .......... 8

*In re Horseshoe Entm't*, 337 F.3d 429 (5th Cir. 2003) ............................................................. 3, 6

*In re Nintendo*, 544 F. App'x 934 (Fed. Cir. 2013) ........................................................................ 7

*In re SK Hynix Inc.*, No. 2021-113, 2021 WL 321071 (Fed. Cir. Feb. 1, 2021)…...…………..3, 5

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) ............................................................................... 2, 3

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404 (5th Cir. 1990) ............................... 6

*McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970) ................................................... 7

*Microlinc, LLC v. Intel Corp.*, No. 2:07-CV-488-TJW, 2010 WL 3766655 (E.D. Tex. Sept. 20, 2010) ........................................................................................................................................ 4, 5

*Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019) ..................................................................................................................................... 3

*NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111 ........................ 8

*Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) ... 2, 3, 4

Defendant MG Freesites Ltd ("Freesites") respectfully moves this Court to stay all substantive proceedings, except jurisdictional discovery, pending resolution of Freesites's Motion to Transfer Venue to the District of Delaware. Dkt. No. 21 ("Motion to Transfer").

## I. INTRODUCTION

This case should be stayed because precedent and all relevant factors weigh in favor of the requested stay. *First*, Plaintiff Scorpcast, LLC dba HaulStars ("Scorpcast") does not allege that it practices the asserted patents or that it competes with Freesites and thus it will not suffer prejudice or any tactical disadvantage from the requested stay. *Second*, a stay will simplify the issues and promote judicial economy because staying the proceedings briefly while the Court decides the proper venue will avoid the Court and parties expending resources on proceedings that will have to be redone in Delaware. *Third*, this case is in the early stages of litigation, which further favors the requested stay. Accordingly, Freesites respectfully requests that the Court stay all proceedings, except jurisdictional discovery, pending resolution of its Motion to Transfer.

## II. FACTUAL BACKGROUND

On January 22, 2021, Freesites filed its Motion to Transfer. As demonstrated in that Motion, this case should be transferred to the District of Delaware because (1) it has no connection to the Western District of Texas and (2) under the first-to-file rule, Freesites earlier-filed Declaratory Judgment Action, Civil Action No. 20-1012-CFC ("the Delaware Action") should take precedence. *See* Dkt. No. 21.

Although Freesites filed its Motion to Transfer in January 2021, the Motion will not be decided until June 2021, or later. In compliance with this Court's standing order relating to venue discovery, the parties filed a Proposed Agreed Scheduling Order on January 25, 2021 (Dkt. No. 22), which the Court adopted on January 29, 2021. Dkt. No. 23 ("Scheduling Order"). Under the Scheduling Order, venue-related discovery closes on May 21, 2021, and Scorpcast's response to

Freesites's Motion to Transfer is not due until June 4, 2021. *Id.* at 3. Freesites's reply is due seven days later, on June 11, 2021. *See* Order Governing Proceedings – Patent Case, OGP Version 3.2 at 1-2. Freesites agreed to this schedule only to comply with this Court's Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases (Nov. 19, 2020). Therefore, the Court's decision on Freesites's Motion to Transfer is at least four months away.

In the interim, and while the Motion to Transfer is pending, this case's schedule dictates that the parties complete a substantial amount of substantive work. *First*, by March 5, 2021, Freesites must prepare and serve its invalidity contentions and the accompanying document production that includes "(1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint." Dkt. No. 23 at 2. *Second*, because Scorpcast has insisted upon asserting 104 patent claims (and has refused to narrow), the parties must complete the briefing and prepare for <u>two</u> *Markman* hearings. Dkt. No. 23 at 3. The claim construction issues for both *Markman* hearings will be fully briefed by June 4, 2021, before briefing is completed on the Motion to Transfer. Dkt. No. 23 at 3. The first *Markman* hearing is then scheduled for June 18, 2021, only a week after the Freesites's reply in support of its Motion to Transfer is due. *Id.* The second *Markman* hearing is only a month later, on July 23, 2021. *Id.*

**III.   LEGAL STANDARD**

It is well-settled that the "district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)); *Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470-RP, 2021 U.S. Dist. LEXIS 6325, at *2 (W.D. Tex. Jan. 13, 2021); *see*

*also Landis*, 299 U.S. at 254 ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Deciding whether a discretionary stay should be granted "'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019) (quoting *Landis*, 299 U.S. at 254-55); *Soverain*, 356 F. Supp. 2d. at 662 (same).

As the Federal Circuit has repeatedly stated, "[a]though district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (citations omitted); *see also In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court."); *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013) (discussing "importance of addressing motions to transfer at the outset of litigation"). Earlier this month, in *In re SK Hynix Inc.*, the Federal Circuit ordered this Court to "stay all proceedings concerning the substantive issues of the case and all discovery until such time that it has issued a ruling on the motion [to transfer] capable of providing meaningful appellate review of the reasons for its decision." No. 2021-113, 2021 WL 321071, at *2 (Fed. Cir. Feb. 1, 2021).

In deciding whether to stay litigation, three factors are considered: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (quoting *Soverain*, 356 F. Supp. 2d.

at 662); *Click-to-Call Techs. LP v. Oracle Corp.*, No. A-12-CV-468-SS, 2013 WL 12121528, at *1 (W.D. Tex. Nov. 26, 2013) (same).

**IV.   THE COURT SHOULD STAY ALL PROCEEDINGS PENDING RESOLUTION OF FREESITES'S MOTION TO TRANSFER**

All the *Crossroads/Soverain* factors weigh in favor of an immediate stay of all proceedings.

**A.   A Stay Will Not Prejudice or Disadvantage Scorpcast Because Scorpcast Does Not Allege It Practices the Asserted Patents or Otherwise Competes with Freesites**

The first factor favors a stay because the requested stay will not prejudice, much less unduly prejudice, or tactically disadvantage Scorpcast. *First*, Scorpcast will not be prejudiced because Scorpcast has not alleged that it makes products that practice the asserted patents and Scorpcast and Freesites are not competitors. A plaintiff that does not practice the asserted patents or otherwise compete with the defendant will not suffer prejudice from a stay. *See, e.g.*, *e-Watch, Inc. v. ACTi Corp., Inc.*, No. SA-12-CA-695-FB, 2013 WL 6334372, at *8-9 (W.D. Tex. Aug. 9, 2013) (finding this factor in favor of a stay in light of no evidence that the parties ever competed or are direct competitors and confirming the same conclusion "even if the parties are direct competitors"); *Black Hills Media, LLC v. Samsung Elecs. Co.*, No. 2:13-cv-379-JRG-RSP, 2014 U.S. Dist. LEXIS 201106, at *4 (E.D. Tex. Mar. 17, 2014) (rejecting plaintiff's prejudice argument in part because plaintiff did not compete with defendants); *Microlinc, LLC v. Intel Corp.*, No. 2:07-CV-488-TJW, 2010 WL 3766655, at *2 (E.D. Tex. Sept. 20, 2010) ("[S]ince [the patentee] does not manufacture or sell any products, or otherwise practice the patent, there is no risk of customer losses or of injury to market share during a stay."). A modest delay, therefore, will not unduly prejudice Scorpcast.

*Second*, the duration of the requested stay and timing of this motion also favor a stay. Because Freesites requests only a brief stay for the limited purpose of determining if Delaware is

the more appropriate venue, Scorpcast's "right to expedient enforcement of its patent rights" will not be affected. *Microlinc*, 2010 WL 3766655, at *2; *see also, e.g.*, *Crossroads*, 2015 WL 3773014, at *2 ("The fact of the matter is [the plaintiff] seeks exclusively monetary damages, and mere delay in collecting those damages does not constitute undue prejudice.") (citation omitted). And this case is still in its early stages—the parties have not started claim construction or dispositive motion briefing, the Court has not held a claim construction or dispositive motion hearing, no fact depositions have been taken, and expert discovery has not started. However, without a stay, resource intensive claim construction exchanges and briefing will begin soon. The timing of Freesites's motion, therefore, also favors a stay.

*Third*, Scorpcast cannot reasonably argue that it will suffer prejudice from a months-long stay when it took years to bring this lawsuit. One of the patents-in-suit, U.S. Patent No. 8,595,057, issued in 2013, and others in 2017. Thus, any delay is predominantly of Scorpcast's own doing.

*Fourth*, the requested stay would not tactically disadvantage Scorpcast. To the contrary, the requested stay would merely hold the status quo until proper venue has been determined.

### B.   A Stay Will Simplify the Issues

The second factor also favors a stay. With respect to simplification of issues, the Federal Circuit's directive to resolve venue motions before merits issues ensures that neither the Court nor the parties spend resources in proceedings that may not be completed in that district. *See In re EMC*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (noting the potential waste of time, energy, and money when "defendants must partake in [extended] litigation prior to a determination on a transfer motion"); *In re SK Hynix*, 2021 WL 321071, at *1-2 (ordering the district court to stay all substantive proceedings rather than proceeding ahead with the merits).

Fifth Circuit precedent is in accord. *See, e.g.*, *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (affirming stay of discovery while "trial court sought to

5

resolve an issue that might preclude the need for the discovery altogether thus saving time and expense"). This consideration is particularly applicable here, where, if a stay is not entered, the parties will soon be required to expend significant resources in preparing claim construction briefing for two *Markman* hearings on 104 asserted claims. Similarly, the Federal Circuit has noted that moving forward with claim construction and discovery efforts are not "merely rote, ministerial tasks": "Indeed, a *Markman* hearing and claim construction order are two of the most important and time-intensive substantive tasks a district court undertakes in a patent case." *In re Apple Inc.*, 979 F.3d at 1338.

A modest stay will also preserve valuable judicial resources by allowing the Court to focus on deciding the pending venue issue raised in Freesites's Motion to Transfer, which should take priority over other submissions in this case. *In re Apple*, 979 F.3d at 1337 ("once a party files a transfer motion, disposing of that motion should unquestionably take top priority") (citations omitted); *see also In re Horseshoe Entm't*, 337 F.3d at 433 ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court."). In *In re Apple*, the Federal Circuit cited with approval the Third Circuit's decision in *McDonnell Douglas Corp. v. Polin*, which explained as follows: "To undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided. Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970); *see also In re Nintendo*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (noting "the principle that a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case"); *In re Fusion-IO*, 489 F. App'x 465, 466 (Fed. Cir. 2012) (indicating it expected the district court to act on venue

6

transfer motion "before proceeding to any motion on the merits of the action"). Because staying proceedings will reduce potential waste of both party and judicial resources, this factor weighs in favor of granting a stay as well.

### C. The Stage of the Case Favors a Stay

The third factor strongly favors stay because, as noted above, this case is still in its early stages, though it is rapidly approaching key case deadlines. Fact discovery does not open until July 24, 2021 and it does not close for over a year, until March 8, 2022. Dkt. No. 23 at 3-4. Expert discovery has not yet even begun and will not close until May 10, 2022. *Id.* at 4. And the scheduled trial date is over a year from now. *Id.* at 5 (trial date set for August 16, 2022). Further the precise stage of the case particularly favors a stay because, while the claim construction exchanges and briefing have not started, those deadlines are fast approaching, with a first exchange of claim terms for construction due on March 12, 2021, and the opening *Markman* brief due on April 16, 2021. *Id.* at 2-3. Thus, the parties have not yet invested the resources and time inherent in addressing claim construction in this district and a stay will prevent those resources from potentially being wasted if the case is transferred, as Freesites believes it ought to be.

Further, granting the motion to stay so the Court can focus only on the motion to transfer will promote "28 U.S.C. § 1404(a)'s intent to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," by avoiding the forced expenditure of "resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket." *In re Google Inc.*, No. 2015-138, 2015 U.S. App. LEXIS 16544, at *1-2 (Fed. Cir. July 16, 2015) (granting mandamus and directing district court to rule on defendant's motion to transfer within 30 days and to stay all proceedings pending completion of transfer matter). In *In re Google,* the district court had ordered the parties to engage in extensive discovery, including taking depositions and exchanging

infringement and invalidity contentions, and held a *Markman* hearing before ruling on the pending motion to transfer, which the Federal Circuit held amounted to an arbitrary refusal to consider the merits of the motion to transfer. *Id.* at *3-4.

Courts routinely grant stays in cases much further along than this case to prevent a further waste of the Court's and the parties' resources. *See, e.g.*, *Click-to-Call Techs.*, 2013 WL 12121528, at *2 (granting stay where post-*Markman* discovery has begun); *Click-to-Call Techs. LP v. Ingenio, Inc.*, No. A-12-CA-465-SS, 2013 WL 11311782, at *2 (W.D. Tex. Dec. 5, 2013) (same); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111 at *3-4 (granting stay where the discovery deadline was only a month away and trial was scheduled in six months); *Emtel, Inc. v. Lipidlabs, Inc.*, No. H-07-7898, 2013 WL 1707678, at *6 (S.D. Tex. Apr. 19, 2013) (granting a stay pending resolution of reexamination after court conducted a *Markman* hearing); *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. Mar. 24, 2014) (even though "the parties have already conducted a significant amount of discovery," this factor weighs in favor of a stay "if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation") (citations omitted). Accordingly, this factor also weighs in favor of a stay.

## V.     CONCLUSION

All *Crossroads/Soverain* factors support the requested stay. Freesites, therefore, respectfully requests that the Court stay all proceedings (except for venue-related discovery and briefing/argument on the Motion to Transfer) pending resolution of Freesites's Motion to Transfer.

8

Dated: February 12, 2021                                 Respectfully submitted,

*/s/ Frank M. Gasparo*
Frank M. Gasparo
State Bar No. 2939833
Christopher M. Gerson
(Admitted *Pro Hac Vice*)
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Phone: 212-307-5500
Facsimile: 212-307-5598
fmgasparo@venable.com
cmgerson@venable.com

Jonathan M. Sharret
(Admitted *Pro Hac Vice*)
VENABLE LLP
1290 Avenue of the Americas, 20th Floor
New York, NY10104
Phone: 212.218.2100
Facsimile: 212.218.2200
jmsharret@venable.com

JaeWon Lee
(Admitted *Pro Hac Vice*)
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Phone: 310.229.9900
Facsimile: 310.229.9901
jlee@venable.com

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: 903.934.8450
Facsimile: 903.934.9257
melissa@gillamsmithlaw.com

***Attorneys for Defendant MG Freesites Ltd***

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 12th day of February, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b)(1).

/s/ Melissa R. Smith
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendant and counsel for Plaintiff met and conferred concerning the substance of this motion and the relief requested on February 8, 2021. Following discussions, Plaintiff remains opposed to this motion and the relief requested. Discussions conclusively ended in an impasse, leaving open the instant issues for the Court to resolve.

/s/ Melissa R. Smith
Melissa R. Smith